IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Criminal Action No. 15-012-LPS |
| v. | |
| KEITH D. CLARKE, | |
| Defendant. | |

### RESPONSE OF THE UNITED STATES
### TO DEFENDANT'S SENTENCING MEMORANDUM

**NOW COMES** the United States of America, by and through its attorneys, Charles M. Oberly, III, United States Attorney for the District of Delaware, and Lauren Paxton, Assistant United States Attorney, and as and for its response to the Defendant's Sentencing Memorandum (D.I. 24), the government respectfully requests that the Court sentence the defendant to a term of imprisonment of 16 months, and in support thereof states the following:

1. The Presentence Investigation Report (revised March 16, 2016, the "PSR"), sets forth the undisputed factual record, and it provides that the Sentencing Guideline Range is 12-18 imprisonment. The parties have not raised any legal objections to the PSR. The defendant's sentencing memorandum and motion for a departure seeks leniency for a variety of reasons. The government opposes the defendant's request and seeks a mid-range guideline sentence.

2. A sentence of 16 months imprisonment would be sufficient but not greater than necessary to fulfill the purposes of sentencing, set forth in 18 U.S.C. § 3553(a). As a small business owner, the defendant took advantage of his position of power, converting funds that were to be set aside for the payment of taxes, and for his employee's retirement accounts, in an amount exceeding $230,000. The defendant spent nearly $160,000 of the fraud proceeds on golf excursions, vacations, retail purchases, dining, and other personal items. While the defendant was indulging in high-end purchases, his malfeasance was causing personal hardships for his employees. At least one employee reported experiencing difficulty obtaining the basic benefit of

unemployment insurance. A term of imprisonment is necessary to reflect the seriousness of the criminal conduct and provide just punishment for the offense. See 18 U.S.C. § 3553(a)(2)(A). Also, a sentence greater than one year in prison would promote respect for the law and deter other would-be fraudsters from similar conduct. See 18 U.S.C. § 3553(a)(2)(A) & (B).

3. A significant term of imprisonment is also appropriate because of the history and characteristics of the defendant. See 18 U.S.C. § 3553(a)(1). As detailed in the PSR, the defendant had comfortable living arrangements, and he was given the opportunity to run a successful family business. It does not appear that the defendant committed the fraud out of desperation. At the same time, it is noteworthy that the defendant took steps that reveal his remorse and acceptance of responsibility, after he was arrested. As the defendant's sentencing memorandum highlights, the defendant admitted his crimes, pleaded guilty to an Information, and continues to liquidate assets to satisfy his restitution obligations in advance of sentencing. Also, the defendant appears to be an otherwise upstanding citizen, with no criminal history. Therefore, a term of imprisonment greater than 16 months would not be necessary to fulfill the goals of sentencing set forth in 18 U.S.C. § 3553(a).

4. For the forgoing reasons, the government respectfully recommends a sentence of 16 months imprisonment.

Dated: March 29, 2016

Respectfully submitted,

CHARLES M. OBERLY, III
United States Attorney

By: _____
Lauren Paxton
Assistant United States Attorney